PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1996 Ford Taurus struck a piece of concrete on the Route 16 bypass bridge in Mount Hope, Fayette County. Route 16 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 3:00 p.m. on July 21,2007. The Route 16 bypass bridge is a paved, two-lane road, and the speed limit is forty-five miles per hour. Claimant’s son, Matthew David Sydnor, was driving from Beckley towards Oak Hill at approximately thirty-five miles per hour. As he was traveling across the bridge, the vehicle struck a piece of concrete that was protruding approximately six inches from a hole in the road. The piece of concrete scraped the bottom of claimant’s vehicle, damaging the transmission, transmission pan and oil pan. The total amount of claimant’s damages amounts to $1,253.95.
The position of the respondent is that it did not have actual or constructive notice of the condition on the Route 16 bypass bridge at the site of claimant’s accident for the date in question. John Zimmerman, Assistant County Administrator for respondent in Fayette County, testified that Route 16 is a primary route. He stated that the bridge in this location is in failing condition. He explained that the bridge is one of the older bridges in the County and needs to be replaced. Respondent monitors the condition of the bridge approximately four or five times a week and patches the holes that need repaired on the bridge’s surface. Mr. Zimmerman stated that there are no “reduce speed” or “rough road” signs before reaching the bridge. He testified that it is a common occurrence for pieces of concrete to come out of the bridge’s surface because the bridge’s deck is so unstable. When vehicles travel over the concrete patches, it causes the patches to crack and pop out of the road’s surface. Even though the bridge has been in disrepair for approximately seven years, it is not scheduled to be replaced until 2015. The cost of replacing the bridge’s deck is in excess of one million dollars.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had, at the least, constructive notice of the piece of concrete which claimant’s vehicle struck and it presented a hazard to the traveling public. Based upon the Court’s decision in Smith v. Division of Highways, CC-07-199, the Court finds respondent negligent. Thus, claimant is entitled to recover for his loss.
In accordance with the findings of fact and conclusions of law stated herein *111 above, the Court is of the opinion to and does make an award to the claimant in the amount of $1,253.95.
Award of $1,253.95.